No. 18,547.

CENTENNIAL CASUALTY COMPANY *v.* IRVING SNYDER.

(350 P. [2d] 337)

Decided March 21, 1960.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, Mr. ROBERT L. MCDOUGAL, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY & DWYER, Mr. MICHAEL F. MORRISSEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS is an action to recover damages to Snyder's automobile resulting when it collided with a telephone pole. At the time of the accident Snyder had in effect a collision insurance policy with Centennial Casualty Company. Centennial offered to deposit with the court below the admitted cost of repairing the bumper, fender and trim of the automobile, but it challenged its liability for any further damage to the car. It alleged that the bumper and fender damage was the only direct result of the accident and that the additional damage was caused by Snyder's negligent failure to protect the automobile after the collision.

The trial court found that Snyder had acted reasonably in driving his car after the accident and that the policy covered the entire loss. Judgment of $1556.74 was entered for the plaintiff.

The only issue raised by Centennial upon this writ of error centers upon the following clause:

"When loss occurs, the named insured shall: (a) Protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the named insured's failure to protect ·shall not be recoverable under this policy * * *."

 The issue of whether Snyder acted in a reasonable and prudent manner in attempting to drive the car home rather than leave it at the place of collision was for the trier of facts to determine. See cases annotated in 44 A.L.R. (2d) 1081. Therefore, the question before us is whether there was sufficient evidence to support the findings and judgment.

 The record shows that Snyder was driving across the Colfax Avenue viaduct when he was forced to the curb and into a telephone pole by another automobile. Snyder testified that the only apparent damage was to the fender and bumper and that he felt he could continue on and drive his car home. After leaving the viaduct

he continued on several blocks and stopped for a red light. He then noticed the smell of smoke and saw that a wheel and the car were on fire. There was testimony showing that the fire was caused by a broken brake fluid line and a tire that had gone flat as a result of the collision.

These facts amply support the finding of the trial court that Snyder acted reasonably in determining the damage from the initial collision did not preclude his continuing on and in deciding that it was safe to drive off of the viaduct.

The judgment is, therefore, affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE KNAUSS concur.